UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nationwide Mutual Insurance Company, | Case No.: 0:25-cv-3391-LMP-DLM |
| Plaintiff, | **PLAINTIFF NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS NICHOLAS ALDERINK AND KRISTEN ALDERINK** |
| v. | |
| ACM, L.L.C., Nicholas Alderink, and Kristen Alderink, | |
| Defendants. | |

Plaintiff Nationwide Mutual Insurance Company ("Nationwide"), by counsel, moves the Court for default judgment against Defendants Nicholas Alderink and Kristen Alderink pursuant to Fed. R. Civ. P. 55(b)(2) for failure to plead, answer, or otherwise move to defend against Nationwide's Complaint. In further support of this Motion, Nationwide states the following:

1.    Nationwide filed its Complaint against Defendants ACM, L.L.C., Nicholas Alderink, and Kristen Alderink on August 28, 2025. ECF 1. Nationwide amended its Complaint on September 5, 2025, following an order from the Court. ECF 5–6. Nationwide's Complaint and amended Complaint sought: (1) a judgment against each defendant, individually, for damages Nationwide sustained or will sustain for their breach of their indemnity obligations; (2) an order declaring each defendant post collateral with Nationwide in the amount of $426,609.00; (3) an order awarding Nationwide its attorney fees and costs; and (4) any further relief the Court deems just and proper. ECF 1, 6.

1

2.    Nationwide attempted service on defendants Nicholas Alderink and Kristen Alderink (collectively, the "Alderinks") through the use of a deputy sheriff and a private process server. ECF 13. Because the service could not be completed, Nationwide sought and obtained an order to allow service by publication. ECF 22.

3.    The Alderinks have failed to plead, answer, or otherwise move or defend as to Nationwide's Complaint within the 21 days after first publication of the notice. *See* ECF 26; Fed. R. Civ. P. 12(a)(1)(A)(i); Minn. R. Civ. P. 4.04(a).

4.    On November 25, 2025, Nationwide sent correspondence via certified mail to the Alderinks providing the notice of lawsuit and amended summons and complaint. The certified mailing was returned as unclaimed. *See* ECF 34 at ¶ 5.

5.    On January 13, 2026, the Clerk of this Court entered the Entry of Default against the Alderink for the Alderinks' failure to plead or otherwise defend in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. ECF 35.

6.    The Alderinks are not infants or incompetent persons.

7.    Nationwide is not aware of the Alderinks being on active military duty such that the Soldiers' and Sailors' Civil Relief Act of 1940 would apply.

8.    Nationwide requests that the Court grant this Motion and enter a judgment by default against the Alderinks.

9.    In support of the amount of attorney fees and costs, Nationwide provides an affidavit of the losses and costs, including attorney fees, which show a total of $21,359.97. The award of losses and costs is supported under the terms of the General Agreement of Indemnity, as outlined in the amended complaint. *See* ECF 6 at ¶¶ 35–38.

2

WHEREFORE, Plaintiff Nationwide Mutual Insurance Company, by counsel, requests that this Court formally enter a judgment by default in favor of the Plaintiff and against Defendants Nicholas Alderink and Kristen Alderink, as follows:

a. Plaintiff Nationwide Mutual Insurance Company is entitled to judgment against defendant Nicholas Alderink and defendant Kristen Alderink, for damages sustained as a result of defendant Nicholas Alderink's and defendant Kristen Alderink's breach of their indemnity obligations under the General Agreement of Indemnity, executed on May 18, 2023;

b. Defendant Nicholas Alderink and defendant Kristen Alderink are ordered to post collateral with Plaintiff Nationwide Mutual Insurance Company in the amount of $426,609.00;

c. Defendant Nicholas Alderink and defendant Kristen Alderink are ordered to pay Plaintiff Nationwide Mutual Insurance Company's attorney fees and costs, in the amount of $21,359.97.

d. Plaintiff Nationwide Mutual Insurance Company is entitled to any further relief as this Court deems just and proper.

GREGERSON, ROSOW, JOHNSON & NILAN, LTD.

Dated: 2-24-26

By: _____
Daniel R. Gregerson, # 0336518
Nicholas J. Sideras, #0397686
100 Washington Avenue South, Suite 1550
Minneapolis, MN 55104
Telephone: (612) 338-0755
dangregerson@grjn.com
nsideras@grjn.com

*Attorneys for Plaintiff Nationwide Mutual Insurance Company*

4