**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

NATIONWIDE MUTUAL
INSURANCE COMPANY,

        Plaintiff,

v.

ACM, L.L.C., NICHOLAS
ALDERINK, and KRISTEN
ALDERINK,

        Defendants.

Case No. 25-cv-3391 (LMP/DLM)

**ORDER**

---

Nationwide Mutual Insurance Company ("Nationwide") brought this lawsuit against ACM, L.L.C., Nicholas Alderink, and Kristen Alderink (collectively, "Defendants") on August 28, 2025.  ECF No. 1.  Nationwide later filed the operative amended complaint, ECF No. 6, in response to an order by the Court to adequately plead diversity jurisdiction. ECF No. 5.

ACM is a contracting company, and Nicholas Alderink is ACM's sole member.  *See* ECF No. 6 ¶¶ 2–3.  On May 18, 2023, the parties entered a General Agreement of Indemnity ("GAI"), under which Nationwide agreed to be the surety for ACM, and Defendants, individually and collectively, agreed to indemnify Nationwide against losses it incurred and anticipated incurring under the GAI.  *See* ECF No. 6 ¶¶ 8–9; ECF No. 6-1 at 1–3, 8–9.  Nationwide alleges that Defendants owe Nationwide $244,139.69 for losses it has incurred under the GAI and $426,609.00 in collateral security to protect Nationwide from further anticipated losses under the GAI.  *See* ECF No. 6 ¶¶ 22–34.

The Clerk of Court issued summonses for each Defendant on September 8, 2025. ECF No. 8. The summonses state that failure to respond to Nationwide's complaint may result in entry of default judgment "for the relief demanded in the complaint." *Id.*

Defendants proved difficult to serve, however. Nationwide attempted service through a number of means, including: (1) by private process server at ACM's registered address (which is also the Alderinks' residential address) on September 17, September 21, October 1, October 7, October 14, October 16, and October 30, 2025; (2) by certified mail on October 10, 2025; and (3) by the Isanti County Sheriff on October 27, October 28, and October 29, 2025. *See* ECF No. 22 at 2–3. Each attempt was unsuccessful. *Id.* The Isanti County Sheriff observed a note on the door at Defendants' address stating: "DO NOT KNOCK![] we are NOT accepting any paper service at our house!!" *Id.* at 3 (quoting ECF No. 17-1 at 55).

Nationwide ultimately served ACM through the Minnesota Secretary of State on November 10, 2025, ECF No. 12, in accordance with Minnesota law, *see* Minn. Stat. § 322C.0116, subd. 2. But as of November 17, 2025, Nationwide still had not successfully served the Alderinks. ECF No. 13. Accordingly, Nationwide filed a motion seeking leave to serve the Alderinks by publication and an extension of time to effect service. ECF No. 14.

On October 21, 2025, United States Magistrate Judge Douglas L. Micko granted Nationwide's motion in relevant part. ECF No. 22. Judge Micko noted that service of summons and complaint in federal court is governed by Rule 4 of the Federal Rules of Civil Procedure, *id.* at 4, which states that individuals may be served by "following state

2

law for serving a summons in an action brought" in the state courts "where the [federal] district court is located or where service is made," Fed. R. Civ. P. 4(e)(1). And Judge Micko observed that the Minnesota Rules of Civil Procedure permit service by publication "where there is evidence the defendant is 'concealed' within the state with the intent to avoid service." ECF No. 22 at 4 (quoting Minn. R. Civ. P. 4.04(a)). In light of Nationwide's numerous failed attempts at serving the Alderinks through more typical means, and because the Alderinks had "declared emphatically in writing that they will not accept service at their home," Judge Micko authorized Nationwide to serve the Alderinks by publication "in newspapers of general circulation in the Minneapolis-St. Paul, and Princeton, Minnesota areas, once a week for a period of four weeks beginning no later than December 1, 2025."[1] *Id.* at 4–5 (emphasis omitted).

Nationwide subsequently submitted a Notice of Lawsuit to be published in the Minnesota Star Tribune ("Star Tribune"). ECF No. 26. The Star Tribune printed the Notice of Lawsuit in the editions published on November 28, December 5, December 12, and December 19, 2025. *Id.* at 2.

Based on the record, the Court concludes that Defendants have been properly served. As noted, Rule 4 permits service in a manner that is consistent with the laws of "the state where the district court is located or where service is made." Fed. R. Civ.

---

[1] Judge Micko also directed Nationwide to send the Alderinks "Notices of Suit via certified mail no later than December 1, 2025." ECF No. 22 at 5. Nationwide sent a Notice of Suit and copies of the summonses and amended complaint to the Alderinks by certified mail on November 25, 2025. ECF Nos. 24, 24-1. That mailing was returned to Nationwide's counsel indicating that it was "unclaimed." ECF No. 34 ¶ 5.

P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (permitting service on business entities "in the manner prescribed by Rule 4(e)(1) for serving an individual").  ACM was served in accordance with Minnesota law as of November 10, 2025, through the Minnesota Secretary of State.  ECF No. 12; *see also* Minn. Stat. § 5.25, subd. 1 (authorizing service of "[a] process, notice, or demand required or permitted by law to be served upon an entity governed by chapter . . . 322C" on "the secretary of state" if "no agent, officer, manager, or general partner can be found at the address on file with the secretary of state"); Minn. Stat. § 322C.0116, subd. 2 (stating "the secretary of state is an agent of [a limited liability] company upon whom process, notice, or demand may be served" if "the agent for service of process cannot with reasonable diligence be found at the agent's street address").  And the Alderinks were served in accordance with Minnesota law as of December 19, 2025, "21 days after the first publication" of the Notice of Suit in the Star Tribune.  Minn. R. Civ. P. 4.04(a); *see also* ECF No. 26 at 1 (declaring under oath that the Star Tribune "has complied with all of the requirements to constitute a qualified newspaper under Minnesota law, including those requirements found in Minnesota Statutes § 331A.02"); Minn. Stat. § 331A.01, subd. 8 (defining "[q]ualified newspaper" for purposes of "publication of a public notice" as "a newspaper which complies with all of the provisions of [Minnesota Statutes] section 331A.02").

Accordingly, ACM's answer to Nationwide's amended complaint was due by December 1, 2025, and the Alderinks' answer or answers were due by January 9, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."); *see also* Minn. R. Civ. P. 4.04(a)

4

(stating that effective service by publication "shall be sufficient to confer jurisdiction").  To date, none of the Defendants has filed an answer.

In the absence of any timely answers, Nationwide applied for entry of default by the Clerk of Court against ACM on December 31, 2025, ECF No. 27, and against the Alderinks on January 12, 2026, ECF No. 33.  The Clerk entered default against ACM on January 7, 2026, ECF No. 29, and against the Alderinks on January 13, 2026, ECF No. 35; *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default."). Nationwide then moved for entry of default judgment against ACM on January 7, 2026, ECF No. 30, and against the Alderinks on February 24, 2026, ECF No. 36.[2]  The deadline for ACM to respond to Nationwide's motion for default judgment against it was January 28, 2026, and the Alderinks' deadline to respond was March 17, 2026.  *See* D. Minn. L.R. 7.1(c)(2) (stating a party must respond to a dispositive motion "[w]ithin 21 days after filing").  Defendants have not responded to Nationwide's applications for entry of default or motions for default judgment, nor have they otherwise communicated with the Court regarding this lawsuit.

Given the record in this case, Defendants are in default.  *See* Fed. R. Civ. P. 55(a). Whether default judgment should be entered against them—and, if so, the damages to which Nationwide is entitled—are different questions.  That is because default judgment generally is "not favored by the law and should be a rare judicial act" because there is a

---

[2]     Nationwide's applications for entry of default and motions for default judgment were served on Defendants by mail.  ECF Nos. 27-1, 30-1, 33-1, 36-1.

"judicial preference for adjudication on the merits." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (citations omitted). Even if default judgment is procedurally warranted, a court must "ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 718 (8th Cir. 2019) (citation omitted). Further, while the factual allegations in the complaint are deemed to be true and admitted for purposes of default judgment, allegations relating to the amount of damages are not. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); Fed. R. Civ. P. 8(b)(6). As such, a party seeking an award of damages in connection with a default judgment must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). The Court may ascertain "the amount which the plaintiff is lawfully entitled to recover" by "taking evidence when necessary or by computation from facts of record." *Pope v. United States*, 323 U.S. 1, 12 (1944).

The Court has reviewed the affidavits and exhibits submitted by Nationwide in connection with its motions for default judgment. ECF Nos. 31, 37. Even assuming the "unchallenged facts" in the amended complaint "constitute a legitimate cause of action," *Glick*, 944 F.3d at 718 (citation omitted), the Court is not left reasonably certain that Nationwide has proven its entitlement to the damages it claims, *Larson*, 242 F.3d at 818–19. The only relief requested by Nationwide that is quantified to any degree of certainty, with evidence beyond the allegations in the amended complaint, is its requested award of attorneys' fees. *See* ECF No. 37-1. Otherwise, the contractual damages Nationwide claims are quantified only in its amended complaint. *See* ECF No. 6 ¶¶ 13, 20, 24, 34. Those

6

allegations are not entitled to a presumption of truth. *See Murray*, 595 F.3d at 871; Fed. R. Civ. P. 8(b)(6).

For these reasons, the Court will schedule an evidentiary hearing as set forth below for the purpose of determining whether entry of default judgment against Defendants is appropriate and, if so, ascertaining to a reasonable degree of certainty any damages to which Nationwide is lawfully entitled. *See Larson*, 242 F.3d at 818–19; *Pope*, 323 U.S. at 12. Nationwide must present evidence, beyond its bare allegations, that it has incurred the losses it claims to have suffered. *See Murray*, 595 F.3d at 871; Fed. R. Civ. P. 8(b)(6).

As a final note: this Order serves as another warning to Defendants that their failure to appear and defend themselves may result in entry of default judgment against them. If no attorney enters an appearance on behalf of the Alderinks before the evidentiary hearing, the Court will assume they knowingly intend to act (or not to act) on their own behalf. However, ACM, as a business entity, must be represented by counsel. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se*."); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–202 (1993) (noting that the "rationale" for the rule that corporations may not appear in federal court without counsel "applies equally to all artificial entities"). If Defendants fail to appear at the hearing or otherwise communicate with the Court regarding this litigation, default judgment may be entered against them, and Nationwide may be awarded some or all of the damages it requests.

The Alderinks plainly are aware of this litigation, and as explained above, they and ACM have been properly served. The Court would prefer to adjudicate this case on the

merits with the benefit of a fully developed factual record and vigorous advocacy from all parties. But the Alderinks appear to believe they may run out the procedural clock on this case by evading and refusing to accept personal service. That is not how litigation works. To the extent the Alderinks believe that they may simply ignore this litigation and avoid a potential adverse judgment against them through such conduct, they do so at their own peril.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Defendants are **IN DEFAULT**;

2. The parties must appear at an evidentiary hearing at 2:00 p.m. on April 28, 2026, in Courtroom 3A in the Warren E. Burger Federal Building and U.S. Courthouse at 316 North Robert Street, St. Paul, MN 55101, for the purpose of determining whether default judgment should be entered against Defendants and, if so, any damages to which Nationwide is lawfully entitled;

3. Nationwide must file any exhibits or evidence it intends to present at the hearing by April 21, 2026, and a certificate of service demonstrating that such exhibits or evidence was served on Defendants;

4. Nicholas Alderink and Kristen Alderink must appear personally at the hearing, regardless of whether they retain counsel;[3]

5. If Nicholas Alderink and Kristen Alderink (personally) and ACM (through counsel) do not appear at the hearing, Nationwide's motions for default judgment (ECF Nos. 30, 36) may be granted, and default judgment may be entered against any or all Defendants for some or all of the relief Nationwide requests; and

---

[3] If any Defendant intends to appear through counsel, their attorney or attorneys must file a notice of appearance in the docket for this matter by no later than 2:00 p.m. on April 27, 2026.

6.      The Clerk of Court is directed to mail copies of this Order and ECF Nos. 6, 12, 22, 26, 29, 30, 31, 35, 36, and 37 (including all attachments) to each Defendant at the addresses below:

> ACM, L.L.C.
> 5751 357th Avenue NW
> Princeton, MN 55371-8800
>
> Nicholas Alderink
> 5751 357th Avenue NW
> Princeton, MN 55371-8800
>
> Kristen Alderink
> 5751 357th Avenue NW
> Princeton, MN 55371-8800

Dated: March 23, 2026            *s/Laura M. Provinzino*

                                         Laura M. Provinzino
                                         United States District Judge